T.C. Summary Opinion 2004-101

UNITED STATES TAX COURT

JOSEPH EMILIO DIFLORA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6906-03S.                    Filed July 27, 2004.

Joseph Emilo DiFlora, pro se.

<u>Alex Shlivko</u>, for respondent.


        PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency of $5,144 in petitioner's 2000 Federal income tax, an addition to tax of $257 under section 6651(a)(1), and an accuracy-related penalty of $1,029 under section 6662(a).

After concessions by the parties as to petitioner's unreported interest of $106, and petitioner's unreported ordinary dividends of $129 and $21, the issues for decision are: (1) Whether petitioner failed to include in gross income ordinary dividend income in the amount of $18,432; (2) whether petitioner is liable for an addition to tax under section 6651(a)(1); and (3) whether petitioner is liable for an accuracy-related penalty under section 6662(a).

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Eastchester, New York, at the time he filed his petition.

Section 7491(a) does not affect the outcome because petitioner's liability for the deficiency is decided on the preponderance of the evidence.

During taxable year 2000, petitioner owned 200 shares of Bell Canada Enterprise, Inc. (BCE). In May 2000, pursuant to a planned "Joint Arrangement" to distribute its Nortel Networks Corp. (Nortel) stock, BCE distributed to petitioner 314 shares of Nortel stock with a fair market value of approximately $18,432.

On Form 1099-DIV, Dividends and Distributions 2000,

petitioner's investment bank reported $34,496.90 in ordinary dividends, which included the $18,432 at issue here. Petitioner did not report the $18,432 on his Form 1040, U.S. Individual Income Tax Return, for the year 2000.

Petitioner contends that the distribution of Nortel stock was not a taxable dividend, but rather a tax-free "spinoff" as part of a section 354 reorganization.

Section 61(a) provides that gross income includes all income from whatever source derived, unless excludable by a specific provision of the Code. Section 61(a)(7) lists dividends as includable in gross income. Section 316(a) defines a dividend as any distribution of property made by a corporation to its shareholders out of accumulated or current earnings and profits.

Section 301(a) provides that a distribution of property (as defined in section 317(a)) made by a corporation to a shareholder with respect to its stock shall be treated in the manner provided in subsection (c). Section 317(a) defines property as money, securities, and any other property, except stock in the corporation making the distribution. Section 301(c) provides that a distribution which is a dividend (as defined in section 316) is includable in gross income. Section 301(b)(1) provides that the amount of any distribution shall be the amount of money received, plus the fair market value of the other property received.

As stated, petitioner contends that the distribution was a tax-free spinoff as part of a section 354 reorganization. Section 354 provides that no gain or loss is recognized if under a plan of reorganization, stock or securities in a corporation that is a <u>party</u> <u>to</u> <u>a</u> <u>reorganization</u> are exchanged solely for stock or securities in such a corporation or in another <u>corporation</u> that is a party to the reorganization. Section 7701(a)(3) defines the term "corporation" to include associations, joint-stock companies and insurance companies. Distributions to individual taxpayers, such as petitioner, are not covered by section 354. Although petitioner referred to the distribution as a spinoff, he did not contend that it qualified as a distribution under section 355.

What is relevant is that the Notice of Application and Joint Arrangement Circular Arrangement Involving BCE, Inc. and Nortel Networks Corporation (Circular), dated February 29, 2000, addresses U.S. shareholders, such as petitioner, and explains that

> For a BCE Common Shareholder that is a United States taxpayer, the receipt of New Nortel Common Shares will be a taxable distribution for United States federal income tax purposes, resulting in a taxable dividend approximately equal to the fair market value of the New Nortel Common Shares received. United States holders, in particular, are urged to consult their own tax advisors.

The Circular further stated that "The Arrangement is expected to result in significant taxable income to U.S. Holders

of BCE Common Shares that receive New Nortel Common Shares. U.S. Holders of BCE Common Shares are strongly urged to consult their own tax and financial advisors".

Finally, the Circular stated that

In the opinion of Davis Polk & Wardwell, U.S. counsel to BCE, for U.S. federal income tax purposes a U.S. Holder of BCE Common Shares will be treated as receiving a taxable distribution of the New Nortel Common Shares as a result of the Arrangement and be taxed at ordinary income rates on a dividend in the amount of the fair market value, as of the date of the distribution, of the New Nortel Common Shares received, to the extent the distribution is out of the earnings and profits ("E&P") of BCE calculated under applicable U.S. federal income tax principles. BCE expects to have E&P adequate to render all or nearly all of the distribution received by a U.S. Holder taxable as a dividend.

Petitioner did not attempt to prove that BCE did not have earnings and profits such that all or some of the distribution was nontaxable. In fact, on July 6, 2004, this Court analyzed the same BCE distribution of Nortel stock and held that the retained earnings statement clearly reflected that BCE made the Nortel stock distribution from BCE's earnings and profits. Koppel v. Commissioner, T.C. Memo. 2004-158.

We find that the distribution of Nortel stock was a dividend. Thus, we conclude that, as such, the distribution of Nortel stock was includable in petitioner's gross income as a taxable ordinary dividend. Accordingly, we sustain respondent's determination on this issue.

We next address the addition to tax under section 6651(a)(1)

and the accuracy-related penalty under section 6662(a).

Section 6651(a)(1) imposes an addition to tax for failure to timely file a tax return, unless failure to do so is due to reasonable cause and not willful neglect. The taxpayer must prove both reasonable cause and lack of willful neglect. Crocker v. Commissioner, 92 T.C. 899, 912 (1989). "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence. United States v. Boyle, 469 U.S. 241, 246 (1985). Willful neglect is defined as a "conscious, intentional failure or reckless indifference." Id. at 245.

Respondent presented the Certificate of Assessments, Payments, and Other Specified Matters for petitioner's 2000 tax account, which showed that petitioner's 2000 tax return was filed on April 28, 2001. Thus, respondent has satisfied his burden of production with respect to the addition to tax under section 6651(a)(1). Sec. 7491(c).

Petitioner presented no evidence that his failure to timely file his 2000 tax return was due to reasonable cause and not willful neglect. On this record, we conclude that petitioner is liable for the addition to tax under section 6651(a)(1), as determined by respondent.

Section 6662(a) imposes a 20-percent penalty on the portion of any underpayment of tax attributable to negligence or disregard of rules or regulations. Sec. 6662(b)(1). Negligence

is any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws. Sec. 6662(c). Moreover, negligence is the failure to exercise due care or failure to do what a reasonable and prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Disregard includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs. No penalty will be imposed with respect to any portion of any underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion. Sec. 6664(c).

Respondent has satisfied his burden of production with respect to the accuracy-related penalty under section 6662(a). Sec. 7491(c). At trial, petitioner admitted that he took it upon himself to "subtract" the $18,432 from his gross income because he "didn't think this was a dividend". However, caveats about the tax implications of the distribution of Nortel stock permeated the Circular. Petitioner's investment bank issued a Form 1099-DIV, which reported the Nortel stock as an ordinary dividend. In response to petitioner's inquiry to the law firm that handled the Joint Arrangement, petitioner was referred to the tax implication sections in the Circular.

We find that petitioner has not shown reasonable cause for

his failure to include the $18,432 in his gross income.  Rather, the evidence presented in this case overwhelmingly shows that petitioner had no reason to believe that his receipt of the Nortel stock was anything other than a distribution taxable as an ordinary dividend.  On this record, we conclude that petitioner is liable for the accuracy-related penalty under section 6662(a), as determined by respondent.

Contentions we have not addressed are irrelevant, moot, or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.